# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | | |
|---|---|---|
| WILLIAM JAMES WATT, | ) | |
| Petitioner, | ) | NO. 1:17-cv-00064 |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| CHERRY LINDAMOOD, Warden | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 22) recommending the Court deny William James Watt's petition for habeas corpus under 28 U.S.C. § 2254. Petitioner filed Objections to the Report and Recommendation. (Doc. No. 25). Respondent filed a response to the objections. (Doc. No. 26).

After a *de novo* review, and for the following reasons, Respondent's objections are **OVERRULED** and the Report and Recommendation is **AFFIRMED and ADOPTED**. Accordingly, the petition for habeas corpus (Doc. No. 1) is **DENIED**.

## I.   BACKGROUND

Petitioner was convicted by a jury of three counts of rape of a child and three counts of aggravated battery for which he is serving a thirty-five-year state sentence. (Doc. No. 5-12). The underlying facts were discussed at length by the Tennessee Criminal Court of Appeals ("TCCA"), included in the Magistrate Judge's Report and Recommendation. (*See* TCCA Decision, Doc. No. 5-24 at Page ID# 1667-69; R&R, Doc. No. 22 at 2-3).

Although Petitioner raised several grounds for relief in his habeas petition, his objections to the Report and Recommendation are limited to a single issue – whether his Sixth Amendment

right to counsel was violated by the trial court judge's denial of his motion to substitute counsel and continue the trial shortly before the scheduled trial date. Accordingly, the Court will limit its discussion of the facts to those most relevant to that issue.

The TCCA summarized the pretrial motions practice in Petitioner's case as follows:

> Before trial [Watt] filed motions to substitute counsel and to continue his trial. The trial court held a hearing on the motions [on January 18, 2012,] during which the following evidence was presented: Counsel [Dwight] Scott informed the court that he had filed a motion for substitution of counsel, which was contingent upon the trial court's granting a second motion he filed for a continuance of the trial. The trial court stated that if [Watt] chose to hire an attorney, the attorney needed to be ready by the date of trial, January 23, 2012. Counsel Scott said that, if the trial court denied the motion for continuance, he would not represent [Watt] because he could not be prepared for trial. [Watt's] court appointed attorney, Counsel [Michael] Engle, informed the court that he was not yet ready for trial. He said that, when he had learned that [Watt] had retained other counsel, he ceased his trial preparation. Counsel Scott informed the trial court that [Watt] had retained him on December 30, 2011, and that he had filed his motions on January 6, 2012. The trial court expressed concern that neither attorney was prepared for trial. The court noted that the trial had been scheduled since April 2011.
>
> The State informed the trial court that it would suffer prejudice by delaying the trial. It noted that the victim was "a very young child," who was four at the time of the alleged offenses. The state offered an alternative trial date of February 13, 2012. The trial court asked Counsel Scott if he could be ready by the 13th. Counsel Scott stated that he had another trial set for that same date. The trial court then asked Counsel Engle if he could be ready by that date. Counsel Engle testified that he also was scheduled to be in court on that date.
>
> The trial court asked Counsel Scott why [Watt] had waited until such a late date to hire an attorney. Counsel Scott informed the court that [Watt] had approached several local attorneys but was unable to come to a financial agreement with any of them. [Watt] was referred to Counsel Scott by another attorney, and Counsel Scott agreed to represent him, contingent upon the trial being continued.
>
> The State expressed its desire to go forward with Counsel Engle's representing [Watt], stating its belief that [Watt] was hiring Counsel Scott to delay the trial. The trial court ordered that the trial remain scheduled for January 23, 2012, with Counsel Engle representing [Watt].

(Doc. No. 5-12, PageID # 787). Following the hearing, the trial court issued a written order denying Watt's motion to substitute counsel and continue the trial. (Doc. No. 5-1).

At the trial, which began as scheduled on January 23, 2012, Petitioner was represented by Counsel Engle (appointed counsel). (Doc. No. 5-3). The jury found him guilty on all counts (Doc. No. 5-1 at PageID# 66-71). Watt filed a direct appeal, arguing, in part, that the trial court erred when it denied his motions to continue the trial and to substitute counsel. (*See* Doc. No. 5-12). The TCCA affirmed the trial court ruling. (*Id.*). The Tennessee Supreme Court denied Watt's petition for discretionary review. (Doc. No. 5-15).

The habeas petition now before the Court challenges, among other things, the Tennessee Criminal Court of Appeals' ("TCCA") affirmance of the trial court's order denying Petitioner's motions to substitute counsel and continue the trial.[1] (Doc. No. 1). Respondent answered the petition and filed the state court record. (Doc. Nos. 5, 6). Petitioner filed a reply. (Doc. No. 13). With leave of court, Respondent filed a sur-reply. (Doc. No. 17). The Magistrate Judge recommended Mr. Watt's petition be denied. (Doc. No. 22).

Petitioner filed timely objections to the Report and Recommendation. (Doc. No. 25). Although he raised additional grounds for relief in the habeas petition, he objects only to the recommendation that he is not entitled to relief with regard to the state court "denial of retained counsel of his choice, even though counsel could not be prepared to try the case on the scheduled trial date." (*Id.* at 2). He claims the state court decisions were contrary to clearly established law and constituted an unreasonable application of the law to the facts. (*Id.*).

---

[1] Petitioner also challenged the TCCA's denial of post-conviction relief with regard to several allegations of ineffective assistance of counsel. The Magistrate Judge found he is not entitled to relief on those claims and recommended denying relief on those bases. Petition does not object to the Magistrate Judge's recommendation on those issues.

3

## II. STANDARD OF REVIEW

### A. Review of a Magistrate Judge's Report and Recommendation

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Review Under 28 U.S.C. § 2254(d)

The statutory authority of federal court to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

The statute provides:

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A state court decision is contrary to clearly established federal law "if the state court applies a rule different from the governing law set forth" in the Supreme Court

holdings or if it decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). A state court decision is an unreasonable application of clearly established federal law "if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case[.]" *White v. Woodall*, 572 U.S. 415, 426 (2014). An "unreasonable application" must be more than "merely wrong" or "clear error" – it must be "objectively unreasonable." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Woodall*, 572 U.S. at 419). The petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

In considering whether the state court decision was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id*.

The standard set forth in 28 U.S.C. § 2254(d) for granting relief on a claim rejected on the merits by a state court "is a 'difficult to meet,' and 'highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Richter*, 562 U.S. at 102, and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curium)). Where state courts have ruled on a claim, AEDPA imposes "a substantially higher threshold" for obtaining relief than a *de novo* review of whether the state court's determination was incorrect. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)

5

(citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). Indeed, AEDPA's requirements reflect "the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)); *see also*, *Uttecht v. Brown*, 551 U.S. 1, 10 (2007) (stating that AEDPA's requirements "create an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings") (citations omitted).

With this "intentionally difficult to meet" standard in mind, the Court proceeds to review Petitioner's claim.

### III. ANALYSIS

Under AEDPA, the question is whether the TCCA's adjudication of Petitioner's right to counsel claim resulting in a decision that was contrary to or an unreasonable application of federal law as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d)(2). As such, the Court begins with the decision of the TCCA regarding Petitioner's claim that the trial court improperly denied his motions to continue the trial date and for substitution of counsel. The TCCA held as follows:

> [Watt] asserts that the trial court denied him motion based upon its "unfounded conclusion that [Watt] made the request in bad faith to delay the trial." In fact, he asserts, he had made several attempts to retain counsel but was unable to reach a financial arrangement with a lawyer until three weeks before trial. The State counters [Watt] has failed to show that the trial court abused its discretion when it denied [Watt's] motion, which was filed only seventeen days before [Watt's] trial date that had been set since April 2011.
>
> The decision to grant a motion for a continuance is left to the trial court's discretion, and a denial of the requested continuance will not be overturned on appeal absent a clear showing of abuse of that discretion. *State v. Russell*, 10 S.W.3d 270, 275 (Tenn. Crim. App. 1999) (citing *State v. Melson*, 638 S.W.2d 342, 359 (Tenn. 1982); *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn.

6

Crim. App. 1973)). We will reverse the denial of a continuance only if the trial court abused its discretion and the defendant was prejudiced by the denial. *State v. Thomas*, 158 S.W.3d 361, 392 (Tenn. 2005). "An abuse of discretion is demonstrated by showing that failure to grant a continuance denied defendant a fair trial or that it could be reasonably concluded that a different result would have followed had the continuance been granted." *Id*. (citing *State v. Hines*, 919 S.W.2d 573, 579 (Tenn. 1995)).

The right to counsel is grounded in the constitution. It is a fundamental constitutional principle that a person is entitled to a fair trial. U.S. Const. amend. XIV, § 1 (providing that no State shall "deprive any person of life, liberty, or property without due process of law"). To protect this right, a person who is accused of a crime is entitled to representation by counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963); *Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006); *State v. Northington*, 667 S.W.2d 57, 60 (Tenn. 1984); see U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense."); Tenn. Const., art. I, § 9 ("[I]n all criminal prosecutions, the accused hath the right to be heard by himself and his counsel.").

The United States Supreme Court has further observed, however, that "'while the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.'" *State v. White*, 114 S.W.3d 469, 475-76 (Tenn. 2003) (citing *Wheat v. United States*, 486 U.S. 153, 159 (1988); *State v. Huskey*, 82 S.W.3d 297, 305 (Tenn. Crim. App. 2002)). Thus, under both the Sixth Amendment and article I, section 9, the right to counsel of one's choosing "must be balanced against the requirements of the fair and proper administration of justice." *Id*. (citing *Huskey*, 82 S.W.3d at 305 and *United States v. Micke*, 859 F.2d 473, 480 (7th Cir. 1988)).

In the case under submission, we conclude that [Watt] failed to prove that the trial court abused its discretion when it denied his motion for continuance. In April 2011, the parties scheduled [Watt's] trial for January 23, 2012. [Watt] retained counsel Scott on December 30, 2011. On January 6, 2012, just seventeen days before trial, Counsel Scott filed a motion to substitute himself as counsel and to continue the case. The trial court inquired about available dates for both Counsel Scott and [Watt's] appointed counsel, Counsel Engle. Counsel Engle said he could be ready to proceed with trial on January 23, 2012. Counsel Scott said he would be unable to be ready on that date. The parties could not find a date in the months after the scheduled trial date upon which they could all be available. After much discussion and the parties'

7

> inability to all be available, the trial court denied the motions for substitution of counsel and for a continuance. We conclude that [Watt] was provided counsel at his trial. The counsel of his choosing was unable to be ready on his trial date and was unavailable on the other dates offered by the trial court. [Watt] has failed to prove that the trial court abused its discretion by showing that the outcome of the trial would have been different had the trial court granted the motion to continue. He is not entitled to relief on this issue.

(Doc. No. 5-12, PageID# 804-05).

The Magistrate Judge found that the TCCA analyzed the claim in accord with the Supreme Court's holding in *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). The Magistrate Judge explained:

> The TCCA relied on the Tennessee Supreme Court decision, *State v. White*, 114 S.W.3d 469, 475-76 (Tenn. 2003), for the principle that, "the right to counsel of one's choosing 'must be balanced against the requirements of fair and proper administration of justice.'" (Doc. No. 5-12, PageID# 805). After reviewing the pretrial record, the TCCA held that Watt "failed to prove that the trial court abused its discretion when it denied his motion for continuance" because "[t]he counsel of his choosing was unable to be ready on his trial date and was unavailable on the other dates offered by the trial court." (*Id*.). The TCCA therefore affirmed the trial court's order denying Watt's motion to substitute counsel and continue the trial. This Court finds that the TCCA's analysis accords with the Supreme Court's holding in *United States v. Gonzalez-Lopez* that "the right to counsel of choice 'is circumscribed in several important respects[,]'" including that a trial court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." 548 U.S. at 144, 152 (first quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988); then citing id. at 163-164; then citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Indeed, the Supreme Court has long held that "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris*, 461 U.S. at 11-12 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

(Doc. No. 22 at 18-19). The Magistrate Judge concluded that the TCCA's ruling that the trial court judge's denial of a continuance and for substitution of counsel was not an unreasonable application of the law where Petitioner requested a continuance and substitution of counsel seventeen days

8

before a trial that had been scheduled since April 2010, and retained counsel was unavailable on the alternative date proposed by the court. (Doc. No. 22 at 19).

Petitioner agrees *Gonzalez-Lopez* is the controlling Supreme Court authority on this issue. (Doc. No. 25 at 9). He does not dispute that the Magistrate Judge correctly stated the applicable law or the Magistrate Judge's finding that the TCCA applied the correct law to its analysis of his right to counsel of choice claim. In fact, Petitioner agrees that the right to counsel of choice is not without limitation and acknowledges that the Supreme Court allows a trial court "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." (Doc. No. 25 at 9 (citing *United States v. Gonzalez-Lopez*, 548 S.W. at 152 (citing *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983))). Petitioner notes that the Sixth Circuit has recognized that in considering the right to counsel of choice, the court must engage in a balance between the right to counsel of one's choice and the court's authority to control its own docket…" *United States v. Krzyske*, 836 F.2d 1013 (6th Cir. 1988).

Petitioner objection to the Magistrate Judge's recommendation is based on his contention is that the trial court did not appropriately balance the relevant factors when it denied his motions to continue the trial and to substitute counsel. Citing *United States v. Burton*, 584 F.2d 485, 488-89 (D.C. Cir. 1989) and *Linton v. Perini*, 656 F.2d 207, 209 (6th Cir. 1981), Petitioner argues that the trial court judge was required to balance a number of factors before denying him the right to his counsel of choice. He claims the trial judge unreasonably and arbitrarily considered only one factor – whether retained counsel could be prepared on the scheduled trial date – and contends that the factors identified by the courts in *Burton* and *Linton* factors "support a finding that delay to afford Watt his counsel of choice would be reasonable." (Doc. No. 25 at 12).

9

As stated above, the question before the Court is not whether the trial judge's decision was unreasonable or arbitrary. The question is whether the TCCA's application of Supreme Court precedent affording trial courts "wide latitude" to make scheduling decisions was "objectively unreasonable," *Woods*, 575 U.S. at 316, and "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement." *Harrington*, 562 U.S. at 103. The Magistrate Judge found that it was not, and the Court agrees. The TCCA concluded that the trial court's decision to deny the motion for continuance was not arbitrary and cited a number of reasons upon which that decision was based: the motion for a continuance was made seventeen days before trial, retained counsel was unable to proceed with the scheduled trial date or an alternative date proposed by the court. On this record, the TCCA's finding that the trial court decision was not arbitrary was not an "objectively unreasonable" application of existing Supreme Court precedent.

Although this dispenses with Petitioner's enumerated objections, the Court will also address the contention that the "findings of fact" in the Report and Recommendation contained inaccuracies because they were based on the TCCA decision. The Court notes that, although the Magistrate Judge determined Petitioner had not shown that TCCA decision was based on an unreasonable determination of the facts, under 28 U.S.C. § 2254(e)(1), Petitioner did not object to this portion of the Report and Recommendation. In addition, the inaccuracies raised in the objections are different from those raised before the Magistrate Judge and are deemed waived. *See Ward v. United States*, 208 F. 3d 216 (table) (6th Cir. 2000) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.").

However, even if the Court were to consider the arguments, Petitioner has not overcome the presumption of correctness afforded to the factual findings of the state court. *See* 28 U.S.C. §

10

2254(e)(1) (the Court must presume the state court's factual determinations are correct, subject to rebuttal by clear and convincing evidence).

Petitioner identifies two purported inaccuracies that he claims relate to his argument that the state trial court did not properly balance the relevant interests. First, he contends the TCCA incorrectly stated that the state trial court inquired about "dates" retained counsel could be available, but, in fact presented only one date. (Doc. No. 25 at 7). Second, he maintains that "contrary to the appellate court's opinion, appointed counsel said he was not ready for trial." (*Id*.).

With regard to Petitioners first allegation of factual error, the TCCA stated, "The trial court inquired about available dates for both Counsel Scott and appointed counsel, Counsel Engle." The hearing transcript shows discussion of the original trial date and two alternative dates. (*See* Hearing Trans., Doc. No. 5-2, at PageID# 87-88). Counsel Scott was specifically asked about his availability for the scheduled trial date and one alternative date. (*Id*.). A second alternate date was also discussed, though Mr. Scott did not state his availability regarding that date. (*Id*.). On this record, the TCCA statement that the "trial court inquired about available dates" is accurate.

Petitioner's second allegation of factual error fares no better. Petitioner claims the TCCA erroneously found that retained counsel, Counsel Engle, stated he could be ready to proceed with the trial on January 23, 2012. When the Court asked Engle if he was "ready," Engle replied "I am planning to be ready, but no, I'm not." (Hearing Trans., Doc. No. 5-2 at PageID# 83). Engle then added that he stopped preparing for the trail when Watt informed him on December 30, 2012, that he had retained new counsel. (*Id*. at PageID# 84). While this may have left some ambiguity regarding Engle's ability to be prepared for trial, such potential ambiguity is insufficient to rebut the presumption of correctness. Moreover, in post-conviction proceedings, Mr. Engle testified that

11

"although he lost two weeks' preparation time after [Watt] tried to change attorneys, he was fully prepared for [Watt's] trial." (*See* Doc. No. 5-24 at PageID# 1674).

Accordingly, to the extent Petitioner objects to the Magistrate Judge's recommendation regarding his claims that the TCCA decision is based on an unreasonable determination of the facts in light of the evidence, the objection is overruled.

### IV. CONCLUSION

For the reasons stated above, Petitioner's Objections to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. No. 22) is **ADOPTED and APPROVED**. Accordingly, Watt's Petition for Habeas Corpus (Doc. No. 1) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE